IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 08-cv-00055-LTB-KLM (Consolidated with 08-cv-00056-LTB-KLM; 08-cv-00473-LTB-KLM; and 08-cv-00474-LTB-KLM)

RCL PROPERTIES, INC.,
KOZAD PROPERTIES, LTD.,
GLENHILLS RANCH, LTD.,
AMY HILL KOZELSKY,
BOBBY F. HILL, and
DOROTHY A. HILL

       Plaintiffs,

vs.

UNITED STATES OF AMERICA,

       Defendant.

## PROPOSED PROTECTIVE ORDER

On December 11, 2008, this Court partially granted Plaintiffs' Motion to Compel the Production of documents in this case.[1] In accordance with the Court's ruling, the Court intends to protect those documents and the information contained therein from public disclosure and from disclosure to persons and for purposes outside this litigation. To address these concerns, it is ordered that protected information (as defined below), provided during the course of this action, shall be

---

[1] Pursuant to a stipulation of the Parties, Plaintiffs have suspended their request to compel documents responsive to Plaintiffs' First Document Requests Nos. 4, 5, 6, 7 and 12. Therefore, the Court's Order addresses only documents responsive to Plaintiffs' First Document Requests Nos. 3, 8, 9, 10, 11, 14 (partial), 15, 16 and 23.

disclosed by the parties only as follows:

1. "Protected Information" as used herein means: documents produced pursuant to the Order of the Court dated December 11, 2008, consisting of those thirty-five files constituting what has been referred to in the pleadings in this case as "the matrix," as well as other general information collected from various IRS summonses and other sources concerning conservation easements in Colorado, referred to in the pleadings in this case as "the unanalyzed files." Documents or information which are currently known or in the possession of the parties' attorneys, or which are discovered or obtained by the parties' attorneys independent of this litigation, and are duplicative of information and/or document produced pursuant to this Order, shall not constitute Protected Information.

2. Protected Information shall be used by the parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise disseminated in any form except as provided herein.

3. Protected Information shall be disclosed only to (i) the plaintiffs, (ii) the parties' counsel, (iii) their associated attorneys, paralegals, other professional personnel (including, but not limited to, support staff and consulting attorneys), and employees of the United States Department of Justice and the Internal Revenue Service, who are directly assisting in the representation of the parties in this action, or the supervisors of such employees, (iv) the Court, (v) court reporters/stenographers, and (vi) subject to the provisions of paragraph 4, any

witness or consultant/expert (including consulting attorneys providing advice or expertise directly in connection with the underlying action), to whom counsel for a party determines that it is necessary or appropriate to disclose Protected Information for purposes of this Action.

4.  Counsel who discloses Protected Information to a witness or consultant/expert shall advise the witness or consultant/expert (as defined in paragraph 3, above) (i) of the provisions of this Protective Order, (ii) that the information is Protected Information subject to this Protective Order, and (iii) that the Protective Order applies to the witness or consultant/expert. Before disclosing any Protected Information to any witness or consultant/expert retained by the party represented by such counsel, counsel shall provide such witness or consultant/expert with a copy of this Protective Order, and advise such witness or consultant/expert that they are subject to its terms.

5.  All persons who receive Protected Information shall take reasonable steps to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

6.  Protected Information may be used in a deposition in this case. If used in a deposition, all Protected Information shall be maintained by the parties in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of the contents of such sealed envelope or container, the words "Protected Information," and a

statement substantially in the following form:

> This envelope is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court or the consent of the parties.

7. If a party believes that any deposition, testimony, or affidavit taken or provided during this litigation contains or may contain Protected Information, that party shall so indicate and arrange for the pages of the transcript containing such information or the affidavit to be stamped "Protected Information to be Disclosed Only in Accordance with Court Order." The inadvertent failure of a party to so mark or designate _any information_ as Protected Information at the time of its production or utterance shall not constitute a waiver of the protections provided herein, so long as the failure or oversight is rectified in a reasonably prompt manner.

8. Any testimony, including any hearing and/or trial, and the transcript thereof, during which Protected Information is to be presented in the form of evidence, argument or otherwise shall be _subject to a Motion to Seal pursuant to_ D.C.COLO.LCivR. 7.2, except as otherwise allowed by the Court.

9. Protected Information or documents containing Protected Information (including but not limited to any pleading, motion, brief, notice, or discovery request or response) provided to the Court must be in a sealed parcel. Affixed to the front of the parcel will be a cover sheet which meets the requirements of D.C.COLO.L.Civ.R. 7.3B. ~~The Court will maintain such Protected Information under seal.~~ Protected Information or documents containing Protected Information

- 4 -

shall not be introduced into the public record in any form, whether redacted or unredacted, except pursuant to an Order by the Court.

10. Protected Information may not be utilized, relied upon or disclosed for any purpose outside this litigation except as provided for in this Order or otherwise allowed by the Court.

11. Within 90 days after the conclusion of these proceedings and the exhaustion of all appeals and other remedies, all copies of all documents constituting Protected Information shall be (a) returned to the counsel for the United States, or (b) destroyed by the parties and their counsel, provided, however, that all the parties' counsel may retain copies of all work product, court filings, transcripts, exhibits. The United States may maintain documents required to be maintained by written Department of Justice record retention policy, provided that all Protected Information contained in such retained material is maintained in accordance with the provisions thereof.

12. Nothing in this Order shall be construed to limit the Government's lawful use of these documents outside the context of this litigation.

Dated 1/26/09

KRISTEN L. MIX
United States Magistrate Judge