**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.  08-cv-00055-LTB-KLM (Consolidated w/08-cv-00056-LTB-KLM; 08-cv-00473-LTB-KLM; and 08-cv-00474-LTB-KLM)

RCL PROPERTIES, INC.,
KOZAD PROPERTIES, LTD.,
GLENHILLS RANCH, LTD,
AMY HILL KOZELSKY,
BOBBY F. HILL, and
DOROTHY A. HILL,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

___

**ORDER**
___

This tax matter is before me on the Government's Motion to Strike Jury Demand [**Docket # 88**], and Plaintiffs' Response [**Docket # 91**].  Oral argument would not materially assist the determination of this motion.  After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT the Government's Motion to Strike Jury Demand [**Docket # 88**].

This case concerns an alleged underpayment of tax.  Plaintiff RCL Properties, Inc., is the tax matters partner for certain ranch properties owned by the other Plaintiffs.  After auditing Plaintiffs' tax returns in 2002 and 2003, the Internal Revenue Service determined that Plaintiffs overvalued certain conservation easements—and, accordingly, the value of the accompanying charitable contribution deduction—conveyed to the Colorado Cattlemen's Agricultural Land

Trust in those years. Plaintiffs seek judicial review of the Internal Revenue Service's assessment under 26 U.S.C. § 6226. Although Plaintiffs argue the Internal Revenue Service erred in its calculation, Plaintiffs have deposited the alleged underpayment with the Internal Revenue Service in accordance with 26 U.S.C. § 6226(e)—a jurisdictional provision that requires plaintiffs, as a prerequisite to suit, to "deposit[] with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment."

As a general rule, civil actions against the United States must be tried to the court without a jury. *See* 28 U.S.C. § 2402. An exception is made, however, in cases concerning "the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." *See id.*; 28 U.S.C. § 1346(a)(1).

Actions under 26 U.S.C. § 6226 do not fall under the narrow exception to the general rule prohibiting jury trials in cases against the United States. As an initial matter, Section 1346(a)(1) concerns the recovery of taxes and penalties. Deposits made for jurisdictional purposes "shall not be treated as a payment of tax for purposes of this title." *See* 26 U.S.C. § 6226(e)(3). Moreover, it is 28 U.S.C. § 1346(e)—not Section 1346(a)(1)—that specifically provides jurisdiction in Section 6226 actions. As Section 2402 allows a jury trial only in those cases in which jurisdiction is provided by Section 1346(a)(1), an action brought under Section 1346(e)

must comply with the general rule prohibiting jury trials against the United States.

Accordingly, the Government's Motion to Strike Jury Demand [**Docket # 88**] is GRANTED.


Dated: April   14  , 2009.

                                                     BY THE COURT:

                                                   s/Lewis T. Babcock
                                                Lewis T. Babcock, Judge